IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOHN R. PINDER,<br><br>    Plaintiff,<br><br><br><br>vs.<br><br><br><br>CLINT FRIEL, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND CLOSING CASE<br><br><br><br><br><br>Case No. 2:05-CV-880 TS |

Plaintiff, John R. Pinder, an inmate at the Utah State Prison, filed this civil rights suit under 42 U.S.C. § 1983 with the assistance of counsel.[1] Plaintiff effected service of process upon Defendants at his own expense. This case is now before the Court on Defendants' Motion to Dismiss.[2]

---

[1] Plaintiff is represented in this § 1983 action by Mr. Edward Garrett. In connection with the disputed administrative proceedings below, Plaintiff was represented by Mr. Brent Gold.

[2] Docket No. 2. The Court notes that, ordinarily, a § 1983 case filed by a prisoner is first screened under 28 U.S.C. § 1915A before service of process is effected. However, in this case, Defendants have been served, both sides are represented by counsel, and Defendants have filed the instant Motion to Dismiss. Therefore, the appropriate procedural vehicle for resolution of this matter is not under the screening statute, but based upon Defendants' Motion, filed pursuant

1

ANALYSIS

I.      Plaintiff's allegations.

Plaintiff alleges that Defendants violated his right to due process by not adhering to constitutional requirements governing formal prison disciplinary proceedings. On February 26, 2004, Plaintiff was found guilty by a prison disciplinary board (Board) of two "major" violations including Manipulation of Housing, and Breach of Contract. These charges stemmed from Plaintiff's application for a housing transfer to Idaho under the Interstate Corrections Compact.

The undisputed facts taken from the Complaint and attached documentation show that on September 11, 2003, Plaintiff signed a formal application seeking transfer to a facility in Idaho. The application stated that Plaintiff agreed to pay all transportation costs in advance, and that if he withdrew his request after final approval he would be ineligible to reapply for two years. In January 2004, after not hearing anything about his requested transfer to Idaho, Plaintiff decided that due to the illness of his father he would prefer to be transferred to the Wasatch County Jail instead. Plaintiff contacted his attorney who began correspondence with corrections officials to determine whether a transfer to the Wasatch County Jail could be arranged. On January 13, 2004, Plaintiff's attorney, Brent Gold, sent a letter to Mike Chabries, Director of the Utah Department of Corrections, requesting Plaintiff's transfer to the Wasatch County Jail. Mr. Gold had already been informed by the jail the previous November that such a transfer was not possible because the jail was full. Mr. Chabries did not respond until March 19, 2004, when he

---

to Fed. R. Civ. P. 12(b)(6).

again informed Mr. Gold that the jail was full.  At no time did Plaintiff, or his attorney, formally notify corrections officials that Plaintiff wished to withdraw his application for transfer to Idaho.

Plaintiff's request for transfer to Idaho was subsequently approved.  On February 6, 2004, Prison staff ordered Plaintiff to gather up his belongings because he was being transferred.  Staff did not initially tell Plaintiff where he was being sent, and Plaintiff assumed he was being transferred to the Wasatch County Jail.  However, after being taken to a holding cell Plaintiff was told that he was being transferred to Idaho.  Plaintiff then refused the transfer and was returned to his cell.  The officers involved later filed an incident report and disciplinary proceedings were commenced.

On February 12, 2004, a copy of the Disciplinary MD-1 Form was served on Plaintiff stating the charges against him, the basic facts underlying the charges, and his rights in regard to the hearing on those charges.  The disciplinary hearing was held on February 25, 2004, and testimony was taken from the officers involved.  Plaintiff alleges that the hearing officer then granted Plaintiff's request for a continuance to allow Plaintiff additional time to put on a defense.  The following day, Plaintiff's attorney faxed a letter and other documents to the prison outlining the ongoing efforts to have Plaintiff transferred to the Wasatch County Jail.  The letter argued that because those negotiations were ongoing at the time of the attempted transfer to Idaho, Plaintiff should not be disciplined.  That same day, the hearing officer found Plaintiff guilty and sanctioned him with thirty days of punitive isolation and a $100 fine.  The hearing officer's notes from February 27, 2004, state that the letter and additional documentation submitted by

Plaintiff's attorney were not considered because they were not received until after the final decision made on February 26, 2004.

Plaintiff asserts that the sanctions were not supported by any evidence; that he was denied an opportunity to call witnesses and provide documentary evidence in his defense; and that the hearing officer should have considered the materials submitted by Plaintiff's attorney.  Plaintiff asserts that the allegedly wrongful disciplinary action may adversely impact his chances for parole.  Plaintiff seeks declaratory and injunctive relief reversing the Board's actions.  He also seeks $100 in damages, and attorney's fees.

II.     Due Process Legal Standard.

The Supreme Court has held that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a Defendant in such proceedings does not apply."[3]  Only when a disciplinary proceeding threatens a constitutionally protected liberty interest is a prisoner guaranteed due process under the Federal Constitution.[4]  And, even where protected liberty interests are implicated, prisoners are only entitled to the "the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment."[5]  These minimal safeguards require that a prisoner "receive advance written notice of the charges against him, the right to call witnesses and present evidence in his own defense if doing so does not jeopardize institutional safety or correctional goals, and a written statement indicating the evidence relied on

---

[3] *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

[4] *Id.*

[5] *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996) (quotation marks and internal citations omitted).

and the reasons supporting the disciplinary action."[6]  Although prison rules may include additional procedural guidelines for disciplinary hearings, an inmate cannot rely upon those rules to state a due process claim under the Federal Constitution because "state procedures do not define what is required under federal due process."[7]

III.     Failure to State a Claim.[8]

The Court finds that the facts alleged by Plaintiff are insufficient to state a constitutional claim.  First, Plaintiff does not deny that he received advance written notice of the charges against him.  Plaintiff's assertion that the charges were never "explained in detail to [him]" is without merit.  The disciplinary form provided to Plaintiff clearly stated the charges against Plaintiff and the basic facts underlying them.  This document was more than sufficient to allow Plaintiff to prepare a defense.

Second, Plaintiff was not denied an adequate opportunity to present a defense.  Plaintiff admits that he was informed of the charges against him and his right to put on a defense almost two weeks prior to the hearing.  There is no reason why Plaintiff could not have prepared his defense in that time.  Plaintiff's argument that the Board should have continued the hearing to allow consideration of the materials faxed by Plaintiff's attorney the day after the hearing is

---

[6] *Caserta v. Kaiser*, 232 F.3d 900, No. 00-6108, 2000 WL 1616248, at *2 (10th Cir. 2000) (unpublished opinion).

[7] *Glatz v. Kort*, 807 F.2d 1514, 1517 n. 4 (10th Cir. 1986).

[8] In their Motion, Defendants' raise four grounds for dismissal.  Because the grounds discussed herein (pleaded as grounds three and four in the Motion; *see id.* at 2) are sufficient to justify dismissal of this action, the Court need not address the remaining two grounds (*see id.* at 1).

unavailing.  There is no indication that Plaintiff was incapable of presenting those arguments himself, and Plaintiff was not entitled to the assistance of counsel at the hearing.[9]  In addition, those documents do not prove Plaintiff's innocence of the charges against him, they merely provide additional evidence and argument which the Board was free to reject.

Finally, the Board's finding that Plaintiff is guilty of the charged infractions is clearly supported by "some evidence."[10]  The fact that Plaintiff, or his attorneys, were attempting to make other arrangements at the time the transfer to Idaho came through does not negate the fact that Plaintiff wasted prison resources by failing to timely notify the proper officials of Plaintiff's proposed change of plans.

Although the transfer contract specifies a penalty for refusing to accept a transfer once approved – namely, the exclusion from reapplying for two years – that does not foreclose the possibility of additional disciplinary sanctions if warranted by other circumstances.  Plaintiff could have easily withdrawn his original transfer request prior to approval without any penalty whatsoever.  The fact that Plaintiff failed to do so, despite knowing for more than a month that his intended plans had changed, clearly amounts to "some evidence" that Plaintiff was guilty of the disciplinary charges brought against him.  Not only was this a clear violation of the

---

[9] *See Wolff*, 418 U.S. at 570 ("[W]e are not prepared to hold that inmates have a right to either retained or appointed counsel in disciplinary proceedings.").

[10] *See Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985) (due process requires only that there be some evidence to support findings made in prison disciplinary hearing).

expectations of the transfer contract and a waste of prison resources, it could also be considered disruptive of prison operations.

Accordingly, the Court finds that Plaintiff's allegations fail to state a claim on which relief can be granted.

## CONCLUSION

Based on the foregoing analysis, it is hereby

ORDERED that Defendants' Motion to Dismiss (Docket No. 2) is GRANTED and this case is dismissed.

The Clerk of Court is directed to close this case forthwith.

SO ORDERED.

DATED  September 28, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge
